**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Michael F. MATTHEWS, Defendant—
Appellant.**

**No. 10–7223.**

United States Court of Appeals,
Fourth Circuit.

Submitted: Nov. 10, 2010.

Decided: Dec. 10, 2010.

Michael F. Matthews, Appellant Pro Se.
Peter Sinclair Duffey, Assistant United
States Attorney, Richmond, Virginia, for
Appellee.

Before SHEDD, DUNCAN, and
WYNN, Circuit Judges.

Affirmed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Michael Matthews appeals the district
court's denial of his motion to compel spe-
cific performance and motion for reconsid-
eration. Finding no reversible error, we
affirm.

Matthews pled guilty to conspiracy to
distribute more than fifty grams of cocaine
base and was sentenced to 480 months'
imprisonment. The Government filed a
motion for a reduction of sentence pursu-
ant to Federal Rule of Criminal Procedure
35(b) ("Rule 35"), which the district court
granted, reducing Matthews's sentence to
300 months' imprisonment. Matthews
filed a Motion to Compel Specific Perform-
ance, asking the court to compel the Gov-
ernment to consider additional instances of
Matthews's substantial assistance. The
district court denied the motion as moot.
Matthews then filed a Motion for Recon-
sideration, arguing that his original motion
was not moot because it outlined different
facts than the Government's Rule 35 mo-
tion. The district court denied the motion
on the ground that Matthews lacked stand-
ing to seek a reduction in sentence under
Rule 35.

On appeal, Matthews argues that the
district court erred when it declined to
compel the Government to consider addi-
tional instances of cooperation that it did
not include in its original Rule 35 motion.
We review a district court's denial of a
motion to compel under an abuse of discre-
tion standard. *Wells v. Liddy,* 186 F.3d
505, 518 n. 12 (4th Cir.1999). Plea agree-
ments are grounded in contract law, and
both parties should receive the benefit of
their bargain. *United States v. Bowe,* 257
F.3d 336, 345 (4th Cir.2001). Because of
constitutional and supervisory concerns,
the Government is held to a greater de-
gree of responsibility for imprecision or
ambiguities in plea agreements. *United
States v. Harvey,* 791 F.2d 294, 300–01 (4th
Cir.1986). Where an agreement is ambig-
uous in its terms, the terms must be con-
strued against the Government. *Id.* at
300, 303. However, "[w]hile the govern-
ment must be held to the promises it
made, it will not be bound to those it did
not make." *United States v. Fentress,* 792
F.2d 461, 464–65 (4th Cir.1986).

Here, the Government was under no
enforceable obligation pursuant to the plea
agreement. The agreement merely states
that the Government "reserves the right to
seek ... any reduction of sentence pursu-
ant to Rule 35(b) of the Federal Rules of
Criminal Procedure, if, in its sole discre-

tion, the United States determines that such a departure or reduction of sentence is appropriate." Thus, the decision of what constituted substantial assistance for purposes of the Rule 35 motion fell squarely within the Government's discretion.

Accordingly, we hold that the district court did not abuse its discretion in denying Matthews's motions.* We therefore affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

Melvin Corey Maddox appeals the district court's order denying relief on his 42 U.S.C. § 1983 (2006) complaint. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Maddox v. Johnson,* No. 7:09–cv–00179–GEC–MFU (W.D.Va. July 30, 2010). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

---

* *See MM ex rel. DM v. Sch. Dist. of Greenville Cnty.,* 303 F.3d 523, 536 (4th Cir.2002) ("[W]e are entitled to affirm the court's judgment on alternate grounds, if such grounds are apparent from the record.").